**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **PORCHA CLARK TANYINGU,** | § | |
| | § | |
| *Plaintiff,* | § | |
| **v.** | § | **CIVIL ACTION NO.** _____ |
| | § | |
| **LAKEVIEW LOAN SERVICING, LLC** | § | |
| **and LOANCARE, LLC** | § | |
| | § | |
| *Defendants.* | § | |

**<u>DEFENDANTS' NOTICE OF REMOVAL</u>**

Defendants Lakeview Loan Servicing LLC ("Lakeview") and LoanCare, LLC ("LoanCare," collectively herein "Defendants") hereby remove to this Court the state court civil action described below pursuant to 28 U.S.C. § 1332 (diversity jurisdiction).  As grounds for the removal, Defendants respectfully state the following:

**I.  <u>INTRODUCTION</u>**

1.      On March 3, 2025, Plaintiff Porcha Clark Tanyingu ("Plaintiff") filed *Plaintiff's Verified Original Petition* in Cause No. 202514219, in the 189th Judicial Civil District Court in and for Harris County, Texas (the "Complaint").

2.      In the Complaint, Plaintiff brings suit against Defendants seeking a declaratory judgment and permanent injunction preventing Defendants from foreclosing on the subject residential property located at 17202 Williams Bend Circle, Cypress, Texas 77433 (the "Property").

3.      In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, orders, and other papers filed in the state court action and obtained by Defendants are attached hereto and marked as composite **<u>Exhibit A</u>** and incorporated herein by reference.

## II.  TIMELINESS OF REMOVAL

4.       Defendants have not been served with citation in this matter; therefore, this notice of removal is timely. 28 U.S.C. § 1446(b).[1]

## III.  BASIS FOR REMOVAL: DIVERSITY JURISDICTION

5.       This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. This action may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441(b) because this action is between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

### A.       Complete Diversity Exists between Plaintiff and Properly Joined Defendants.

6.       Plaintiff is an individual, citizen and resident of Harris County, Texas.[2]

7.       Lakeview Loan Servicing, LLC was formed under the laws of the State of Delaware on November 22, 2010. For diversity purposes, the citizenship of a limited liability company is determined by the citizenship of all of its members.[3]  Lakeview's sole member is Bayview MSR Opportunity Corp. ("Bayview MSR"), which is a Delaware corporation with its principal place of business in Florida.  Accordingly, for purposes of diversity, Lakeview is a citizen of Delaware and Florida.

8.       LoanCare is a citizen of Delaware, Florida, Wisconsin, Massachusetts, New Hampshire, and New York for diversity purposes. LoanCare, a limited liability company organized under the laws of the state of Virginia, and its sole member is ServiceLink NLS, LLC.  ServiceLink Holdings, LLC's sole member is ServiceLink holdings, Inc. and ten private investment funds.

---

[1] *See also Thompson v. Deutsche Bank Nat'l Tr. Co.*, 775 F.3d 298, 303 (5th Cir. 2014) (citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48, 119 S.Ct. 1322, 143 L.Ed. 448 (1999) (the federal removal and jurisdiction statutes "clearly provide that a defendant's right to removal runs from the date on which it is formally served with process.").

[2] *See* Compl. at ¶  2; *see also Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011) (For purposes of determining citizenship, "[e]vidence of a person's place of residence [] is prima facie proof of his domicile.").

[3] *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

ServiceLink Holdings, Inc. is a Delaware corporation with its principal place of business in Florida.  One of the investment funds, THL Equity VI Investors (BKFS) III, L.P. is a Delaware limited partnership, whose sole member is a Japanese bank with its principal place of business in Japan. Two of the corporations are incorporated in Wisconsin, two are incorporated in Massachusetts, and two are incorporated in New Hampshire.  All six of the corporations have their principal place of business in Massachusetts. The sole member of the other limited liability company, THL Equity Fund VI Investors (NKFS-NB), LLC is a Wyoming limited partnership with its principal place of business in New York.  The Wyoming limited partnership is held by a governmental entity in the State of Wyoming and another Wyoming limited liability company, which, in turn, is controlled by a Delaware corporation with its principal place of business in New York.  The remaining seven members of ServiceLink Holdings LLC are Delaware corporations with their principal place of business in Massachusetts: THL Investors Black Knight II (A) holding Corp.; THL Investors Black Knight II (B) Holding Corp.; THL Black Knight II (A) Holding Corp.; THL Black Knight II (B) Holding Corp.; THL Black Knight II (C) Holding Corp.; THL Black Knight (D) Holding Corp.; and THL Black Knight II (E) Holding Corp.  Accordingly, for purposes of diversity, LoanCare is a citizen of Delaware, Florida, Wisconsin, Massachusetts, New Hampshire, and New York.

9.    Accordingly, because Plaintiff is a citizen of Texas and Defendants are not citizens of Texas, complete diversity of citizenship exists between all parties and removal is proper.

**C.    The amount in controversy exceeds $75,000.00.**

10.    In the Complaint, Plaintiff seeks monetary relief over $200,000 but not more than $1,000,000 plus injunctive relief to stop the foreclosure sale of the subject Property. Compl. at

¶¶ 1, 31-45. When such relief is sought, the amount in controversy is measured by the value of the object of the litigation.[4]

11.    When the "object of the mortgagor's litigation [is] the protection of his entire property," the fair market value of the property is the proper measure of the amount in controversy.[5]  In this instance, the value of the subject property located at 17202 Williams Bend Circle, Cypress, Texas 77433, amounts to at least $469,117.[6] Therefore, based on the value of the relief sought by Plaintiff in the Complaint, the amount in controversy exceeds $75,000.00.

12.    Additionally, the Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) over Plaintiff's state law claims because they share a common nucleus of operative facts with this federal claim.[7]

## V.  VENUE

13.    Venue for this Removal is proper in the United States District Court for the Southern District of Texas, Houston Division because this district includes Harris County, Texas—the location of the pending state court action.

## VI.  ADDITIONAL REQUIREMENTS

14.    Written Notice of Removal will be provided to Plaintiff and filed with the District Clerk of Harris County, Texas.

15.    This Notice of Removal is signed pursuant to FED. R. CIV. P. 11. *See* 28 U.S.C. § 1446(a).

---

[4] *Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013).
[5] *Id.*
[6] *See* Harris County Appraisal District Summary attached as **Exhibit B**. It is appropriate for the court to take judicial notice of the Harris County Tax Appraisal because it is of public record and the information it provides is readily ascertainable and the source—the Harris County Tax Appraisal District—cannot reasonably be questioned. *See Funk v. Stryker*, 631 F.3d 777, 783 (5th Cir. 2011).
[7] *See e.g., City of Chircago v. Int'l Coll. of Surgeons,* 522 U.S. 156, 164-65 (1997).

16.     In the event that Plaintiff seeks to remand this case, or the Court considers remand *sua sponte*, Defendants respectfully request the opportunity to submit such additional argument or evidence in support of removal as may be necessary.

17.     Plaintiff made jury demand in the Complaint.

18.     Having satisfied the requirements for removal, Defendants gives notice Cause No. 202514219, in the 189th Judicial Civil District Court in and for Harris County, Texas, has been removed to this Court.

Respectfully submitted,

By:    */s/ Kathryn B. Davis*

**KATHRYN B. DAVIS**
State Bar No. 24050364
kdavis@mcglinchey.com
**MCGLINCHEY STAFFORD, PLLC**
1001 McKinney, Suite 1500
Houston, Texas 77002
Telephone : (713) 520-1900
Facsimile: (713) 520-1025

**ATTORNEYS FOR DEFENDANTS LAKEVIEW LOAN SERVICING LLC AND LOANCARE LLC**

## CERTIFICATE AND NOTICE OF FILING

I certify that on March 17, 2025, the foregoing Notice of Removal was filed with the District Clerk of Harris County, Texas, and that written notice of filing of the Notice of Removal was served upon Plaintiff.

*/s/ Kathryn B. Davis*
**KATHRYN B. DAVIS**

## <u>CERTIFICATE OF SERVICE</u>

I certify that on March 17, 2025, a true and correct copy of the foregoing was served pursuant to the FEDERAL RULES OF CIVIL PROCEDURE as follows:

### <u>*Via Email and/or First Class Mail*</u>

Derek H. Deyon
TBN 24075862
ddeyon@deyonlawgroup.com
The Deyon Law Group, PLLC
440 Louisiana Street, Suite 900
Houston, Texas 77002
(346) 229-0106
(346) 202-0230

**Counsel for Plaintiff**

*/s/ Kathryn B. Davis*
**KATHRYN B. DAVIS**