# EXHIBIT "A"

**HCDistrictclerk.com**    TANYINGU, PORCHA CLARK vs. LAKEVIEW LOAN    3/17/2025
SERVICING LLC
Cause: 202514219        CDI: 7        Court: 189

## APPEALS
No Appeals found.

## COST STATMENTS
No Cost Statments found.

## TRANSFERS
No Transfers found.

## POST TRIAL WRITS
No Post Trial Writs found.

## ABSTRACTS
No Abstracts found.

## SERVICE
No Service found.

## NOTICES
No Notices found.

## SUMMARY

| CASE DETAILS | | CURRENT PRESIDING JUDGE | |
|---|---|---|---|
| **File Date** | 3/3/2025 | **Court** | 189th |
| **Case (Cause) Location** | | **Address** | 201 CAROLINE (Floor: 12) HOUSTON, TX 77002 Phone:8329272325 |
| **Case (Cause) Status** | Active - Civil | | |
| **Case (Cause) Type** | Other Property | **JudgeName** | TAMIKA CRAFT-DEMMING |
| **Next/Last Setting Date** | N/A | **Court Type** | Civil |
| **Jury Fee Paid Date** | N/A | | |

## ACTIVE PARTIES

| Name | Type | Post Jdgm | Attorney |
|---|---|---|---|
| TANYINGU, PORCHA CLARK | PLAINTIFF - CIVIL | | DEYON, DEREK HOLLIS |
| 440 440, HOUSTON, TX 77002 | | | |
| LAKEVIEW LOAN SERVICING LLC | DEFENDANT - CIVIL | | |
| 16415 ADDISON ROAD, ADDISON, TX 75001 | | | |
| LOANCARE LLC | DEFENDANT - CIVIL | | DEYON, DEREK |

HOLLIS

16415 ADDISON ROAD,, ADDISON, TX 75001

| | | |
|---|---|---|
| PHILLIPS, FREDERICKA M. | MEDIATOR | PHILLIPS, FREDERICKA M. |

## INACTIVE PARTIES

No inactive parties found.

## JUDGMENT/EVENTS

| Date | Description | Order Signed | Post Jdgm | Pgs | Volume /Page | Filing Attorney | Person Filing |
|---|---|---|---|---|---|---|---|
| 3/5/2025 | ORDER TO APPOINT MEDIATOR GRANTED | 3/5/2025 | | 2 | | | |
| 3/3/2025 | APPEARANCE ON TEMPORARY INJ OR TEMPORARY RESTRAINING ORD | | | 0 | | | |
| 3/3/2025 | HEARING HELD FOR ANOTHER COURT | | | 0 | | | |
| 3/3/2025 | BENCH HEARING ASSIGNED | | | 0 | | | |
| 3/3/2025 | EVIDENCE PRESENTED (BENCH HEARING) | | | 0 | | | |
| 3/3/2025 | ORDER SETTING BOND SIGNED | 3/3/2025 | | 2 | | | |
| 3/3/2025 | ORDER SIGNED GRANTING TEMPORARY RESTRAINING ORDER | 3/3/2025 | | 2 | | | |
| 3/3/2025 | ORIGINAL PETITION | | | 0 | | DEYON, DEREK HOLLIS | TANYINGU, PORCHA CLARK |
| 3/3/2025 | ORDER SIGNED SETTING HEARING | 3/3/2025 | | 2 | | | |

## SETTINGS

| Date | Court Post Jdgm | Docket Type | Reason | Results | Comments | Requesting Party |
|---|---|---|---|---|---|---|
| 3/18/2025 03:00 PM | 189 | Law Day Docket | TEMPORARY INJUNCTION (MOTION FOR) | Passed | MEDIATION PER THE COURT | |
| 3/03/2025 12:30 PM | 334 | Ancillary Docket | TEMPORARY RESTRAINING ORDER (MOTION FOR) | Tried | GRANTED O/S 3/3/2025 | DEYON, DEREK HOLLIS |

## DOCUMENTS

| Number | Document | Post Jdgm | Date | Pgs |
|---|---|---|---|---|
| 119368923 | ORDER TO APPOINT MEDIATOR GRANTED | | 03/05/2025 | 2 |
| 119349289 | Clerks Certificate Of Cash Deposit In Lieu Of Injunction Bond Per Order Of The Court | | 03/04/2025 | 1 |
| 119248540 | Plaintiff Verified Original Petition | | 03/03/2025 | 8 |
| -> 119248541 | Exhibit A | | 03/03/2025 | 4 |
| -> 119248542 | Exhibit B | | 03/03/2025 | 10 |

| Number | Document | Post Jdgm | Date | Pgs |
|--------|----------|-----------|------|-----|
| -> 119248543 | Exhibit C | | 03/03/2025 | 2 |
| -> 119248544 | Exhibit D | | 03/03/2025 | 2 |
| -> 119248545 | Proposed Temporary Restraining Order | | 03/03/2025 | 2 |
| 119260329 | ORDER SETTING BOND SIGNED | | 03/03/2025 | 2 |
| | ORDER SIGNED GRANTING TEMPORARY RESTRAINING ORDER | | 03/03/2025 | |
| | ORDER SIGNED SETTING HEARING | | 03/03/2025 | |

3/3/2025 10:03 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 97972118
By: Wanda Chambers
Filed: 3/3/2025 9:29 AM

CAUSE NO. _____

| | | |
|---|---|---|
| PORCHA CLARK TANYINGU | § | IN THE DISTRICT COURT |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | OF HARRIS COUNTY, |
| | § | TEXAS |
| LAKEVIEW LOAN SERVICING, LLC | § | |
| and LOANCARE, LLC | § | |
| | § | |
| **Defendants.** | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S VERIFIED ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW PORCHA CLARK TANYINGU as Plaintiff and files this Verified Original Petition. Defendants are Lakeview Loan Servicing, LLC and LoanCare, LLC.

### DISCOVERY CONTROL PLAN

1.     Plaintiff intends to conduct discovery in this action under Level 2 in accordance with Texas Rule of Civil Procedure 190. Plaintiff seeks monetary relief over $200,000 but not more than $1,000,000 and non – monetary relief.

### PARTIES & SERVICE

2.     Plaintiff is an individual residing in Harris County, Texas.

3.     Defendant, Lakeview Loan Servicing, LLC is a foreign company that transacts business in Texas that involves Texas residents. Defendant Lakeview Loan Servicing, LLC may be served with process through its registered agent at any address where its registered agent may be found.

4.     Defendant, LoanCare, LLC is a foreign company that transacts business in Texas that involves Texas residents. Defendant LoanCare, LLC may be served with process through its registered agent at any address where its registered agent may be found.

### JURISDICTION

5.     This court has jurisdiction over this cause because the subject matter in controversy is within the jurisdictional limits of this court. This court has jurisdiction over the parties because Defendants transacted business in Texas that involved Texas residents and because Defendants have minimal contacts in Texas.

1

<u>VENUE</u>

6.      Venue is proper under Texas Civil Practice & Remedies Code section 15.011 because Harris County, Texas is where all or part of the real property is located.

<u>FACTS</u>

7.      On August 15, 2016, Plaintiff purportedly signed a promissory note for $305,939 payable to Mortgage Research Center, LLC d/b/a Veterans United Home Loans. The note was secured by a Deed of Trust to real property located at 17202 Williams Bend Circle, Cypress, Texas 77433, legally described as:

Lot Sixty – One (61), in Block One (1), of First Bend, Section Five (5), an addition in Harris County, TEXAS, according to the map or plat thereof recorded in/under Film Code No. 607130 of the Map Records of Harris County, Texas (hereinafter "home" or "property").

8.      Years later, Mortgage Research Center, LLC transferred Plaintiff's mortgage to Defendant, Lakeview Loan Servicing, LLC ("Lakeview Loan"), who became the servicer and note holder on Plaintiff's note.  In addition, LoanCare acted as sub – servicer on Plaintiff's note.

9.      After an alleged default, on February 28, 2019, Defendants accelerated Plaintiff's entire loan and set her home for foreclosure sale on April 2, 2019.  Defendants, however, failed to complete the foreclosure sale.  Exhibit A.

10.     As a result, Defendants had until February 28, 2023, namely four years from the February 28, 2019 acceleration date, to foreclose on Plaintiff's home.   Tex. Civ. Prac. & Remedies Code §16.035(a) (Vernon's 2024) (stating that "[a] person must bring suit for the recovery of real property under a real property lien or the foreclosure of a real property lien not later than four years after the day the cause of action accrues."); *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001) (stating that when a lender chooses to accelerate, the cause of action for foreclosure of the lien accrues at the time of acceleration.).

11.     Defendants, however, failed to foreclosure on Plaintiff's home before the four year statute of limitations expired on February 28, 2023.

12.     In addition, Defendants declined to rescind Defendants' prior February 28, 2019 notice of acceleration before the four year statute of limitations expired on February 28, 2023. Tex. Civ. Prac. & Remedies Code Section §16.038(a) (Vernon's 2024) (stating that "if the maturity date of a series of notes or obligations or a note or obligation payable in installments is accelerated, and the accelerated maturity date is rescinded or waived in accordance with this

2

section ***before the limitations period expires***, the acceleration is deemed rescinded and waived); Tex. Civ. Prac. & Remedies Code Section §16.038(b) – (c) (Vernon's 2024) (stating that rescission of acceleration "is effective if made by a written notice of a rescission or waiver served . . . on each debtor who . . . is obligated to pay the debt." The notice must be served "by first class or certified mail and is complete when the notice is deposited in the United States mail, postage prepaid and addressed to the debtor at the debtor's last known address.")

13.     On August 30, 2023, Plaintiff mailed a Fair Debt Collection Practices Act Dispute Letter ("FDCPA") to Defendants and requested in part that Defendants provide evidence that the statute of limitations had not expired on Plaintiff's mortgage. Exhibit B.

14.     On September 14, 2023, Defendants acknowledged receipt of Plaintiff's FDCPA Dispute Letter. Exhibit C.

15.     To date, however, Defendants failed to provide proof that the statute of limitations has not expired on Plaintiff's mortgage account.

16.     Yet, Defendants have scheduled Plaintiff's home for foreclosure sale on March 4, 2025. Exhibit D.

17.     As a result, Plaintiff files this suit for Declaratory Judgment, for Trespass to Try Title, and for Unlawful Foreclosure.

CAUSES OF ACTION

A.     <u>COUNT 1 – DECLARATORY JUDGMENT</u>

18.     Plaintiff incorporates by reference the factual allegations contained in the preceding paragraphs.

19.     Plaintiff asserts a cause of action against Defendants for Declaratory Judgment.

20.     Plaintiff requests that the Court declare that the statue of limitations has expired on Defendants' ability to foreclose on and enforce Defendant's lien on Plaintiff's home.

21.     As a direct and proximate result of Plaintiff's request against Defendants for Declaratory Judgment, Plaintiff seeks actual damages within the jurisdictional limits of this court, injunctive relief, and reasonable and necessary attorney's fees.

B.     <u>COUNT 2 – TRESPASS TO TRY TITLE</u>

22.     Plaintiff incorporates by reference the factual allegations contained in the preceding paragraphs.

23.     Plaintiff asserts a cause of action against Defendants for Trespass to Try Title.

3

24.    Plaintiff requests that the Court void, cancel, and/or set aside the promissory note and Deed of Trust to the property from Plaintiff to Defendants because the statute of limitations has expired on Defendants' ability to foreclosure on and enforce Defendants' lien on Plaintiff's home and for other reasons, which Plaintiff will assert later.

<u>UNLAWFUL FORECLOSURE</u>

25.    Plaintiff incorporates by reference the factual allegations contained in the preceding paragraphs.

26.    Plaintiff asserts a cause of action against Defendants for unlawful foreclosure.

27.    Defendants failed to foreclose on Plaintiff's home before the statute of limitations expired, which is an irregularity in the foreclosure process.

28.    Defendants intend to sell Plaintiff's home during a foreclosure sale set for March 5, 2025, upon information and belief, for a price that will be grossly disproportionate to the value of Plaintiff's home due to Defendants' wrongful acts before the foreclosure sale.

29.    As a direct and proximate result of Defendants' unlawful foreclosure, Plaintiff seeks actual damages within the jurisdictional limits of this court, injunctive relief, and a judgment setting aside the foreclosure sale of her home.

30.    Plaintiff's injuries resulted from Defendants' gross negligence, malice, or actual fraud, which entitles Plaintiff to exemplary damages under Texas Civil Practice & Remedies Code section 41.003(a).

<u>APPLICATION FOR TEMPORARY RESTRAINING ORDER</u>

31.    Plaintiff incorporates by reference the factual allegations contained in the preceding paragraphs.

32.    Plaintiff's application for a temporary restraining order is authorized by Tex. Civ. Prac. & Remedies Code section 65.011.

33.    Defendants are in the process of foreclosing on Plaintiff's home.

34.    Plaintiff asks the court to prevent Defendants from foreclosing on Plaintiff's home located at 17202 Williams Bend Circle, Cypress, Texas 77433.

35.    If Plaintiff's application is not granted, harm is imminent because she will be evicted.

36.     The harm that will result if the temporary restraining order is not issued is irreparable because Plaintiff will be homeless and forced to endure the unreasonable expense of hardship in regaining her home while pursuing this trial.

37.     It is probable that Plaintiff will recover from Defendants after trial on the merits.

38.     Plaintiff has no adequate remedy at law.

39.     Plaintiff is willing to post a bond.

40.     Time is of the essence.

<u>REQUEST FOR TEMPORARY INJUNCTION</u>

41.     Plaintiff incorporates by reference the factual allegations contained in the preceding paragraphs.

42.     Plaintiff asks the court to set her request for temporary injunction for hearing and after the hearing, issue a temporary injunction against Defendants preventing them from foreclosing or evicting Plaintiff from his residence located at 17202 Williams Bend Circle, Cypress, Texas 77433.

43.     Plaintiff has joined all indispensable parties under Texas Rule of Civil Procedure 39.

<u>REQUEST FOR PERMANENT INJUNCTION</u>

44.     Plaintiff incorporates by reference the factual allegations contained in the preceding paragraphs.

45.     Plaintiff asks the court to set her request for a permanent injunction for a full trial on the merits and after the trial, issue permanent injunctions against Defendants.

<u>JURY DEMAND</u>

46.     Plaintiff requests a jury trial.

<u>CONDITIONS PRECEDENT</u>

47.     All conditions precedent to Plaintiff's claims have been performed or have occurred.

<u>PRAYER</u>

48.     For these reasons, Plaintiff asks that the court issue citation for Defendants to appear and answer and that on final judgment Plaintiff have:

a.     Judgment against Defendants jointly and severally for the value of the real property, an amount that is within the jurisdictional limits of this court; or

b.     A judgment for legal title to the real property; or

c.     A judgment setting aside any foreclosure sale of the property;

d.     Actual and exemplary damages;

e.     Pre and post – judgment interest at the maximum rates permitted by law.

f.     All reasonable and necessary attorney's fees.

g.     Costs of suit; and

h.     Any other relief, at law or in equity, to which Plaintiff is entitled.

### VERIFICATION

"My name is PORCHA CLARK TANYINGU. My birthdate is June 3, 1982. My current address is The Deyon Law Group, PLLC, 440 Louisiana Street, Suite 900, Houston, Texas 77002. I am Plaintiff in this case. I am over the age of 18, of legally sound mind, and can make this verification. Pursuant to Texas Civil Practice & Remedies Code, I swear under penalty of perjury that the facts stated in the foregoing Plaintiff's Verified Original Petition are true, correct, and based on my personal knowledge. Exhibits A – D attached to this petition are what they are claimed to be, party admissions, documents affecting interests in real property, and true and correct copies of the originals."

Executed in Harris County, Texas on March 5, 2025 by PORCHA CLARK TANYINGU:

_____
PORCHA CLARK TANYINGU

RESPECTFULLY SUBMITTED,

THE DEYON LAW GROUP, P.L.L.C.

/s/*Derek H. Deyon*

_____
DEREK H. DEYON
440 Louisiana Street, Suite 900
Houston, Texas 77002
TBN: 24075862
(346) 229 – 0106
(346) 202 – 0230
TBN 24075862
ddeyon@deyonlawgroup.com
Attorney for Plaintiff

Unofficial Copy Office of Marilyn Burgess District Clerk

7

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Derek Deyon
Bar No. 24075862
ddeyon@deyonlawgroup.com
Envelope ID: 97972118
Filing Code Description: Petition
Filing Description: Plaintiff's Verified Original Petition
Status as of 3/3/2025 11:54 AM CST

Associated Case Party: LAKEVIEW LOAN SERVICING, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Sammy Hooda | | SHOODA@MLG-DEFAULTLAW.COM | 3/3/2025 10:03:58 AM | SENT |
| Christina Bowie | | CBowie@mlg-defaultlaw.com | 3/3/2025 10:03:58 AM | SENT |

Associated Case Party: PORCHACLARKTANYINGU

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Derek Deyon | | ddeyon@deyonlawgroup.com | 3/3/2025 10:03:58 AM | SENT |
| Porcha ClarkTanyingu | | clarkporcha@gmail.com | 3/3/2025 10:03:58 AM | SENT |

Unofficial Copy Official Record Marilyn Burgess District Clerk

# EXHIBIT A



| PHILLIP A. NORMAN, ESQ. | GARY MARINOSCI, ESQ. | CHRISTOPHER BAXTER, ESQ. |
|---|---|---|
| Admitted in TN | Admitted in RI & MA | Admitted in AP & TX |
| CHAD MORRONE, ESQ. | ERIC FELDMAN, ESQ. | JOSEPH DOLBEN, ESQ. |
| Admitted in MA | Admitted in IL | Admitted in NH, MA & NJ |
| GREGG DREILINGER, ESQ. | ROBERT COLEMAN, ESQ. | EILEEN O'SHAUGHNESSY, ESQ. |
| Admitted in TX | Admitted in AR & TN | Admitted in CT & RI |
| | TYNEIA G. MERRITT, ESQ. | |
| | Admitted in CA & DC | |

February 28, 2019

Derek H Deyon, Esq.
P.O. Box 8145
Houston, TX 77288

**CERTIFIED MAIL-RETURN RECEIPT REQUESTED**

**CMRRR# 9414711899560013745594**

RE: Our File Number:    18-15662
    Loan No.:    XXXXXX8982
    Property Address:    17202 WILLIAMS BEND CIR
                  CYPRESS, TX 77433

Notice of Acceleration of Maturity and
Notice of Non-Judicial Foreclosure Sale

Dear Derek H Deyon, Esq.,

You have previously been advised by letter of certain defaults under the Note and Deed of Trust and informed of the intent to accelerate the maturity date of the Note if defaults therein were not cured within the specified time period. Because of your defaults in complying with the terms and provisions of the Note and Deed of Trust, notice is hereby given that the present legal holder of the Note **HAS ACCELERATED THE MATURITY DATE OF THE** Note. As a result of such acceleration the entire unpaid principal balance of the Note, all accrued interest, and all other sums lawfully owing on the Note or under the Deed of Trust are now due and payable and demand is hereby made for the immediate payment in full of all such sums.

YOU WILL THEREFORE TAKE NOTICE that, pursuant to §51.002 of the Texas Property Code, a Notice of Non-Judicial Foreclosure Sale ("Notice") will be posted at the courthouse door of Harris County, Texas. A copy of the Notice is enclosed herein.

14643 Dallas Parkway, Suite 750, Dallas, TX 75244      Phone (972) 331-2300 Facsimile (972) 331-5240
275 West Natick Road, Suite 500, Warwick, RI 02886      Phone (401) 284-9300 Facsimile (401) 398-2594

You are further notified that, in accordance with the terms of the Note and Deed of Trust, and subject to the provision, if any, in the Note and Deed of Trust regarding your opportunity to reinstate, if full payment of the outstanding principal balance of the Note, together with all interest accrued thereon, and all other lawful charges and attorney's fees incurred to date are not received by LAKEVIEW LOAN SERVICING, LLC, 475 Crosspoint Parkway, Getzville, NY 14068, c/o LOANCARE, the liens created under the Deed of Trust will be foreclosed on **TUESDAY, APRIL 2, 2019,** as specified in the Notice, and any sums received at the foreclosure sale shall be applied as set forth in the Deed of Trust. The exact amount necessary for you to pay in order to cure the existing defaults and prevent this foreclosure sale may be determined by contacting our office.

In the event you are presently on active duty in the Armed Services of the United States or have been discharged within nine (9) months prior to the date of this letter, please submit evidence of such service by way of a letter from your Commanding Officer or a copy of your DD214 to this office immediately, inasmuch as you may have certain rights available to you pursuant to the Soldiers and Sailors Civil Relief Act.

In the event the Subject Property is sold at foreclosure for an amount not sufficient to satisfy the entire unpaid balance of the Note, accrued but unpaid interest thereon, escrow charges, late charges, default interest, trustee's fees, attorneys' fees, and expenses incurred in connection with the foreclosure, you may be liable for the deficiency.

Please be advised that if any obligor has been discharged in a case filed under the provisions of Title 11, United States Code, Section 101, et seq., then no personal obligation will result from this foreclosure action against any such individual. This foreclosure action shall be directed only against the real property to satisfy the lien secured by the Deed of Trust.

Sincerely yours,

Christopher K. Baxter
Marinosci Law Group, P.C.
cc:  LoanCare

This is an attempt to collect a debt.  Any information obtained will be used for that purpose.

Our File Number: 18-15662
Name: PORCHA J CLARK, SINGLE WOMAN

## NOTICE OF TRUSTEE'S SALE

WHEREAS, on August 15, 2016, PORCHA J CLARK, SINGLE WOMAN, executed a Deed of Trust/Security Instrument conveying to SCOTT R. VALBY, as Trustee, the Real Estate hereinafter described, to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., ACTING SOLELY AS NOMINEE FOR MORTGAGE RESEARCH CENTER, LLC DBA VETERANS UNITED HOME LOANS, its successors and assigns, in the payment of a debt therein described, said Deed of Trust/Security Instrument being recorded under County Clerk Number RP-2016-368952, in the DEED OF TRUST OR REAL PROPERTY records of HARRIS COUNTY, TEXAS; and

WHEREAS, default has occurred in the payment of said indebtedness, and the same is now wholly due, and the owner and holder has requested to sell said property to satisfy said indebtedness;

WHEREAS, the undersigned has been appointed Substitute Trustee in the place of said original Trustee, upon the contingency and in the manner authorized by said Deed of Trust/Security Instrument; and

NOW, THEREFORE, NOTICE IS HEREBY GIVEN that on TUESDAY, APRIL 2, 2019, between ten o'clock AM and four o'clock PM and beginning not earlier than 10:00 AM or not later than three hours thereafter, I will sell said Real Estate at the Bayou City Event Center 9401 Knight Road, Houston TX 77045, in HARRIS COUNTY, TEXAS to the highest bidder for cash. The sale will be conducted in the area of the Courthouse designated by the Commissioners' Court, of said county, pursuant to Section §51.002 of the Texas Property Code as amended; if no area is designated by the Commissioners' Court, the sale will be conducted in the area immediately adjacent (next) to the location where this notice was posted.

Said Real Estate is described as follows:

LOT SIXTY-ONE (61), IN BLOCK ONE (1), OF FIRST BEND, SECTION FIVE (5), AN ADDITION IN HARRIS COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN/UNDER FILM CODE NO. 607130 OF THE MAP RECORDS OF HARRIS COUNTY, TEXAS.

Property Address:　17202 WILLIAMS BEND CIR
　　　　　　　　　　CYPRESS, TX 77433
Mortgage Servicer:　LOANCARE, LLC
Noteholder:　　　　 LAKEVIEW LOAN SERVICING, LLC
　　　　　　　　　　3637 SENTARA WAY, SUITE 303
　　　　　　　　　　VIRGINIA BEACH, VA 23452

The Mortgage Servicer is authorized to represent the Noteholder by virtue of a servicing agreement with the Noteholder. Pursuant to the Servicing Agreement and Texas Property Code §51.0025, the Mortgage Servicer is authorized to collect the debt and to administer any resulting foreclosure of the property securing the above referenced loan.

### ACTIVE MILITARY SERVICE NOTICE

Assert and protect your rights as a member of the armed forces of the United States. If you or your spouse is serving on active military duty, including active military duty as a member of the Texas National Guard or the National Guard of another state or as a member of a reserve component of the armed forces of the United States, please send written notice of the active duty military service to the sender of this notice immediately.

WITNESS MY HAND this _____ day of February, 2019.

Roy Crush, Jeff Leva, Sandy Dasigenis, Patricia Poston, Megan L. Randle, David Poston, Ebbie Murphy, Substitute Trustees

c/o Marinosci Law Group, P.C.
14643 Dallas Parkway, Suite 750
Dallas, Texas 75254
(972) 331-2300

# EXHIBIT B

Unofficial Copy Office of Marilyn Burgess District Clerk

# THE DEYON LAW GROUP, P.L.L.C.

ATTORNEYS AT LAW
440 LOUISIANA STREET, SUITE 900
HOUSTON, TEXAS 77002
ddeyon@deyonlawgroup.com

_____

<u>Derek H. Deyon</u>                                    (346) 229 – 0106 Office
Attorney                                              (346) 202 – 0230 Fax
                                                      (346) 317 – 8902 Direct

August 30, 2023

**Regular U.S. Mail**
*Via* Facsimile to 972 – 331 – 5240
Lakeview Loan Servicing
Loan Care – A ServiceLink Company
c/o Marinosci Law Group, P.C. d/b/a Marinosci & Baxter
Attn: Sammy Hooda
14643 Dallas Parkway, Suite 750
Dallas, Texas 75254

RE:    Alleged Debt Dispute Letter
       Your File No. 18 – 15662
       Loan No.: XXXXXX8982
       Property Address: 17202 Williams Bend Circle, Cypress, Texas 77433 – 4550
       Client:  Porcha J. Clark
       Mortgagee:  Mortgage Research Center LLC, d/b/a Veterans United Home Loans
       Mortgage Servicer: Lakeview Loan Servicing/ Loan Care – A ServiceLink Company
       Trustee: Scott R. Valby
       Alleged Substitute Trustee: Sammy Hooda

       I am receipt of your Notice of Acceleration of Maturity and Notice of Non – Judicial
Foreclosure Sale.  Exhibit A.  This letter dated August 30, 2023 is to notify you, your firm and
the mortgage company claiming ownership of this alleged loan and note, that my client, Porcha
J. Clark, is exercising her rights under the "Fair Debt Collections Practices Act" as codified at 15
USC § 1692, which stipulates that a debt collector must, if requested, provide validation of the
alleged debt, i.e. validate the debt, per "The Fair Debt Collections Practices Act", "FDCPA".
This is also a dispute of the alleged debt under the Texas Debt Collection Act.  The debt
collector (Foreclosure Attorney, Bank, Alleged Lender) is mandated under "FDCPA" to cease
and desist ALL collection activity until validation of the original note is provided.  This is also a
dispute of the alleged debt under the Texas Debt Collection Practices Act.

       This letter requests VALIDATION of the alleged debt accompanied by an Affidavit from
the Alleged Lender.

Please provide the following:

     1.     Copy of the original alleged note accompanied by an AFFIDAVIT from the alleged Lender.

     2.     Identify to what the alleged debt pertains.

     3.     Provide details how the alleged debt was calculated.

     4.     Provide Regulation Z, and Notice of Right to Cancel (Truth in Lending Act).

     5.     Provide copies of any papers that show that my client, Porcha J. Clark, agreed to pay the alleged debt.

     6.     Identify the original creditor.

     7.     Provide the agreement between the creditor and your firm, which authorizes you to collect funds (without a contract, your firm has no right to foreclose).

     8.     Provide evidence that the Statute of Limitations has not expired on this account.

     9.     Provide evidence that you are licensed to collect in my state.

     10.     Provide your license numbers and the Alleged Lender's Registered Agent.

Please provide the above information before any scheduled foreclosure sale in Harris County, Texas to:

Porcha J. Clark
c/o The Deyon Law Group, PLLC
Attn:  Derek H. Deyon, Esq.
440 Louisiana Street, Suite 900
Houston, Texas 77002

Best Regards,

/s/ *Derek H. Deyon*

Derek H. Deyon
*Attorney at Law*

Cc:     Client [*via* Direct Email]

# EXHIBIT A

Unofficial Copy Office of Marilyn Burgess District Clerk

P.O. Box 23159
San Diego, CA 92193-3159



ELECTRONIC RETURN RECEIPT
REQUESTED

71 96900 2484 0779 7747 6

**Mailed On:** 8/1/2023          **Order Number:** 0044496-01
**ClientID:** Marinosc000442 ER **Reference Number:**   18-15662

Derek H. Deyon, Esq.
P.O. Box 8145
Houston, TX 77288

Unofficial Copy Office of Marilyn Burgess District Clerk



GenericAddressInsert.doc                                    Rev. 12/19/2018

Unofficial Copy Office of Marilyn Burgess District Clerk

16415 Addison Road, Suite 725, Addison, TX 75001                   Phone: (972) 331-2300 Fax: (972) 331-5240



## Marinosci LAW GROUP
SERVING THE DEFAULT INDUSTRY

Gary Marinosci is ONLY licensed to practice law in Massachusetts & Rhode Island

August 1, 2023

RE: Our File Number:      18-15662
    Loan No.:              XXXXXX8982
    Property Address:      17202 WILLIAMS BEND CIR
                           CYPRESS, TX 77433

## Notice of Acceleration of Maturity and
## Notice of Non-Judicial Foreclosure Sale

Dear PORCHA J CLARK,

You have previously been advised by letter of certain defaults under the Note and Security Instrument and informed of the intent to accelerate the maturity date of the Note if defaults therein were not cured within the specified time period. Because of your defaults in complying with the terms and provisions of the Note and Security Instrument, notice is hereby given that the present legal holder of the Note **HAS ACCELERATED THE MATURITY DATE OF THE NOTE.** As a result of such acceleration, the entire unpaid principal balance of the Note, all accrued interest, and all other sums lawfully owing on the Note or under the Security Instrument are now due and payable and demand is hereby made for the immediate payment in full of all such sums.

YOU WILL THEREFORE TAKE NOTICE that, pursuant to §51.002 of the Texas Property Code, a Notice of Non-Judicial Foreclosure Sale ("Notice") will be posted at the courthouse door of Harris County, Texas. A copy of the Notice is enclosed herein.

You are further notified that, in accordance with the terms of the Note and Security Instrument, and subject to the provision, if any, in the Note and Security Instrument regarding your opportunity to reinstate, if full payment of the outstanding principal balance of the Note, together with all interest accrued thereon, and all other lawful charges and attorney's fees incurred to date are not received by LAKEVIEW LOAN SERVICING, LLC, 3637 Sentara Way, Virginia Beach, VA 23452, c/o LOANCARE, the liens created under the Security Instrument will be foreclosed on **TUESDAY, SEPTEMBER 5, 2023,** as specified in the Notice, and any sums received at the foreclosure sale shall be applied as set forth in the Security Instrument. The exact amount necessary for you to pay in order to cure the existing defaults and prevent this foreclosure sale may be determined by contacting our office.

In the event you are presently on active duty in the Armed Services of the United States or have been discharged within nine (9) months prior to the date of this letter, please submit evidence of such service by way of a letter from your Commanding Officer or a copy of your DD214 to this office immediately,



AR | CT | DE | FL | IL | IN | KS | MA | MO | MS | MT | NH | ND | OK | RI | SD | TN | TX | WI | WY

Certified Document Number: ... Teneshia Hudspeth, Harris County District Clerk

inasmuch as you may have certain rights available to you pursuant to the Soldiers and Sailors Civil Relief Act.

In the event the Subject Property is sold at foreclosure for an amount not sufficient to satisfy the entire unpaid balance of the Note, accrued but unpaid interest thereon, escrow charges, late charges, default interest, trustee's fees, attorneys' fees, and expenses incurred in connection with the foreclosure, you may be liable for the deficiency.

Please be advised that if any obligor has been discharged in a case filed under the provisions of Title 11, United States Code, Section 101, et seq., then no personal obligation will result from this foreclosure action against any such individual. This foreclosure action shall be directed only against the real property to satisfy the lien secured by the Security Instrument.

Sincerely yours,

Christopher K. Baxter
Marinosci Law Group, P.C.
cc: LoanCare

This is an attempt to collect a debt. Any information obtained will be used for that purpose.

AR | CT | DE | FL | IL | IN | KS | MA | MO | MS | MT | NH | ND | OK | RI | SD | TN | TX | WI | WY

TEMESHIA HUDSPETH, COUNTY CLERK, HARRIS COUNTY, TEXAS

FRCL-2023-4675

FILED 8/1/2023 8:32:22 AM

Our Case No. 18-15682-FC-2

## APPOINTMENT OF SUBSTITUTE TRUSTEE
### and NOTICE OF TRUSTEE SALE

THE STATE OF TEXAS
COUNTY OF HARRIS

Deed of Trust Date:
August 15, 2016

Property address:
17202 WILLIAMS BEND CIR
CYPRESS, TX 77433

Grantor(s)/Mortgagor(s):
PORCHA J CLARK, A SINGLE WOMAN

LEGAL DESCRIPTION: Lot Sixty-One (61), in Block One (1), of FIRST BEND, SECTION FIVE (5), an addition in Harris County, Texas, according to the map or plat thereof recorded in/under Film Code No. 697130 of the Map Records of Harris County, Texas.

Original Mortgagee:
MERS, INC., ACTING SOLELY AS A NOMINEE FOR
MORTGAGE RESEARCH CENTER, LLC DBA
VETERANS UNITED HOME LOANS

Earliest Time Sale Will Begin: 10:00 AM

Current Mortgagee:
LAKEVIEW LOAN SERVICING, LLC

Date of Sale: SEPTEMBER 5, 2023

Property County: HARRIS

Recorded on: August 18, 2016
As Clerk's File No.: RP-2016-368932
Mortgage Servicer:
LAKEVIEW LOAN SERVICING, LLC

Original Trustee: SCOTT R. VALBY

Substitute Trustee:
Carl Meyers, Leb Kemp, Traci Yeoman, Israel Curtis, John Sisk, Clay Golden, Stephen Mayers, Colette Mayers, Wayne Wheat, Dana Dennen, Kinney Lester, Thomas Lester, Joshua Sanders, Wesley Fowler-Williams, Ramiro Cuevas, Matthew Hansen, Evan Press, Auction.com, Anna Sewart, David Barry, Byron Sewart, Patrick Foster, Austin DuBois, Sandy Dasigenis, Jeff Leva, John Burger, Martin Beltran, Ray Crush, Erica Kalisher, Jean Crush, Marinosci Law Group PC

Substitute Trustee Address:
c/o Marinosci Law Group, PC
16415 Addison Road, Suite 725
Addison, TX 75001
(972) 331-2300

THIS INSTRUMENT APPOINTS THE SUBSTITUTE TRUSTEE(S) IDENTIFIED TO SELL THE PROPERTY DESCRIBED IN THE SECURITY INSTRUMENT IDENTIFIED IN THIS NOTICE OF SALE. THE PERSON SIGNING THIS NOTICE IS THE ATTORNEY OR AUTHORIZED AGENT OF THE MORTGAGEE OR MORTGAGE SERVICER.

The current Mortgagee and/or Mortgage Servicer under said Deed of Trust, according to the provisions therein set out does hereby remove the original trustee and all successor substitute trustees and appoints in their stead Carl Meyers, Leb Kemp, Traci Yeoman, Israel Curtis, John Sisk, Clay Golden, Stephen Mayers, Colette Mayers, Wayne Wheat, Dana Dennen, Kinney Lester, Thomas Lester, Joshua Sanders, Wesley Fowler-Williams, Ramiro Cuevas, Matthew Hansen, Evan Press, Auction.com, Anna Sewart, David Barry, Byron Sewart, Patrick Foster, Austin DuBois, Sandy Dasigenis, Jeff Leva, John Burger, Martin Beltran, Ray Crush, Erica Kalisher, Jean Crush, Marinosci Law Group PC, as Substitute Trustee, who shall hereafter exercise all powers and duties set aside to the said original trustee under the said Deed of Trust, and, further, does hereby request, authorize and instruct said Substitute Trustee to conduct and direct the execution of remedies set aside to the Mortgagee therein.

Unofficial Copy Office of Marilyn Burgess District Clerk



WHEREAS, default has occurred in the payment of said indebtedness, and the same is now wholly due and the owner and holder has requested to sell said property to satisfy said indebtedness.

NOW, THEREFORE, NOTICE IS HEREBY GIVEN that on TUESDAY, SEPTEMBER 5, 2023 between ten o'clock AM and four o'clock PM and beginning not earlier than 10:00 AM or not later than three hours thereafter, The Substitute Trustee will sell the property by public auction to the highest bidder for cash at the place and date specified. The sale will be conducted at the Bayou City Event Center 9401 Knight Road, Houston TX 77045 as designated by the Commissioners' Court, of said county pursuant to Section 51.002 of the Texas Property Code as amended; if no area is designated by the Commissioners' Court, the sale will be conducted in the area immediately adjacent (next) to the location where this notice was posted.

LAKEVIEW LOAN SERVICING, LLC, who is the Mortgagee and/or Mortgage Servicer of the Note and Deed of Trust associated with the above referenced loan. The Mortgage Servicer is authorized to represent the Mortgagee by virtue of a servicing agreement with the Mortgagee. Pursuant to the Servicing Agreement and Texas Property code 51.0025, the Mortgage Servicer is authorized to collect the debt and to administer any resulting foreclosure of this property securing the debt.

### ACTIVE MILITARY SERVICE NOTICE

Assert and protect your rights as a member of the armed forces of the United States. If you or your spouse is serving on active military duty, including active military duty as a member of the Texas National Guard or the National Guard of another state or as a member of a reserve component of the armed forces of the United States, please send written notice of the active duty military service to the sender of this notice immediately.

WITNESS MY HAND, July 31, 2023

MARINOSCI LAW GROUP, P.

By: _____
SAMMY HOODA
MANAGING ATTORNEY

THE STATE OF TEXAS
COUNTY OF DALLAS

Before me, Krisina Richardson, the undersigned officer, on this, the 31st day of July, 2023, personally appeared SAMMY HOODA, a known to me, who identified him/herself/themself to be the MANAGING ATTORNEY of MARINOSCI LAW GROUP PC, the person and officer whose name is subscribed to the foregoing instrument, and being authorized to do so, acknowledged that (s)he/ had executed the foregoing instrument as the act of such corporation for the purpose and consideration described and in the capacity stated.

Witness my hand and official seal

(SEAL)

_____
Notary Public for the State of TEXAS

My Commission Expires: 7-19-2026

_____
Printed Name and Notary Public

KRISTINA RICHARDSON
Notary Public, State of Texas
Comm. Expires 07-19-2026
Notary ID 133985058

Grantor: LAKEVIEW LOAN SERVICING, LLC
5857 SENTARA WAY
SUITE 303
VIRGINIA BEACH, VA 23452
Our File No. 18-15682

Return to: MARINOSCI LAW GROUP, P.C.
MARINOSCI & BAXTER
16415 Addison Road, Suite 725
Addison, TX 75001

TENESHIA HUDSPETH, COUNTY CLERK, HARRIS COUNTY, TEXAS    FRCL-2023-46575

FILED 8/1/2023  8:32:22 AM

Unofficial Copy Office of Marilyn Burgess District Clerk

# EXHIBIT C

Unofficial Copy Office of Marilyn Burgess District Clerk



**Texas Office: 16415 Addison Road, Suite 725, Addison, TX 75001**

September 14, 2023

Derek H. Deyon                                    via e-Mail: ddeyon@deyonlawgroup.com
The Deyon Law Group, PLLC
440 Louisiana Street, Suite 900
Houston, TX 77002

| | |
|---|---|
| YOUR CLIENT (BORROWER): | PORCHA CLARK |
| LOAN #: | ******8982 |
| PROPERTY ADDRESS: | 17202 WILLIAMS BEND CIRCLE |
| | CYPRESS, TX 77433 |
| NOTEHOLDER: | LAKEVIEW LOAN SERVICING, LLC |
| MORTGAGE LOAN SERVICER: | LOANCARE, LLC |

Dear Derek H. Deyon:

The purpose of this correspondence is to acknowledge your letter dated August 30, 2023 titled, "Alleged Debt Dispute Letter."

We are in the process of conducting a thorough review.  Please allow thirty (30) business days from the date of this letter to respond with resolution to your request or an update on its status.

Sincerely,


Arnetta J. Porter
Attorney
Marinosci Law Group, P.C.

# EXHIBIT D

Unofficial Copy Office of Marilyn Burgess District Clerk

16415 Addison Road, Suite 725, Addison, TX 75001                                   Phone: (972) 331-2300 Fax: (972) 331-5240



**Marinosci LAW GROUP**
SERVING THE DEFAULT INDUSTRY

Gary Marinosci is ONLY licensed to practice law in Massachusetts & Rhode Island

January 23, 2025

RE: Our File Number:        18-15662
    Loan No.:               XXXXXX8982
    Property Address:       17202 WILLIAMS BEND CIR
                            CYPRESS, TX 77433

## Notice of Acceleration of Maturity and
## Notice of Non-Judicial Foreclosure Sale

Dear PORCHA J CLARK,

You have previously been advised by letter of certain defaults under the Note and Security Instrument and informed of the intent to accelerate the maturity date of the Note if defaults therein were not cured within the specified time period. Because of your defaults in complying with the terms and provisions of the Note and Security Instrument, notice is hereby given that the present legal holder of the Note **HAS ACCELERATED THE MATURITY DATE OF THE NOTE.** As a result of such acceleration, the entire unpaid principal balance of the Note, all accrued interest, and all other sums lawfully owing on the Note or under the Security Instrument are now due and payable and demand is hereby made for the immediate payment in full of all such sums.

YOU WILL THEREFORE TAKE NOTICE that, pursuant to §51.002 of the Texas Property Code, a Notice of Non-Judicial Foreclosure Sale ("Notice") will be posted at the courthouse door of Harris County, Texas. A copy of the Notice is enclosed herein.

You are further notified that, in accordance with the terms of the Note and Security Instrument, and subject to the provision, if any, in the Note and Security Instrument regarding your opportunity to reinstate, if full payment of the outstanding principal balance of the Note, together with all interest accrued thereon, and all other lawful charges and attorney's fees incurred to date are not received by LAKEVIEW LOAN SERVICING, LLC, 3637 Sentara Way, Virginia Beach, VA 23452, c/o LOANCARE, the liens created under the Security Instrument will be foreclosed on **TUESDAY, MARCH 4, 2025,** as specified in the Notice, and any sums received at the foreclosure sale shall be applied as set forth in the Security Instrument. The exact amount necessary for you to pay in order to cure the existing defaults and prevent this foreclosure sale may be determined by contacting our office.

In the event you are presently on active duty in the Armed Services of the United States or have been discharged within nine (9) months prior to the date of this letter, please submit evidence of such service by way of a letter from your Commanding Officer or a copy of your DD214 to this office immediately.

AB | CT | DE | FL | GA | IL | IN | KS | MA | MO | MS | NH | OK | RI | TN | TX | WI



3/3/2025 10:03:58 AM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 97972118
By: CHAMBERS, WANDA R
Filed: 3/3/2025 9:29:19 AM

CAUSE NO. _____

| | | |
|---|---|---|
| **PORCHA CLARK TANYINGU** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **OF HARRIS COUNTY,** |
| | § | **TEXAS** |
| **LAKEVIEW LOAN SERVICING, LLC** | § | |
| **and LOANCARE, LLC** | § | |
| | § | |
| **Defendants.** | § | **_____ JUDICIAL DISTRICT** |

## <u>TEMPORARY RESTRAINING ORDER</u>

On this day, Plaintiff, PORCHA CLARK TANYINGU's Application for a Temporary Restraining Order was presented to this Court. Defendants are LAKEVIEW LOAN SERVICING, LLC and LOANCARE. After examining the pleadings and testimony present before this court, the court determines that Plaintiff has no adequate remedy at law and will suffer immediate irreparable harm if the Temporary Restraining Order is not granted.

IT IS THEREFORE ORDERED that the Clerk of this Court issue a Temporary Restraining Order restraining Defendants from:

1. Foreclosing on real property located at 17202 Williams Bend Circle, Cypress, Texas 77433.

The restraining order is effective immediately and shall continue in full force and effect until further order of this Court or until it expires by operation of law. This order shall be binding on Defendants and their agents, servicers, attorneys, and employees; and on those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise.

The bond is set at $_____.

Plaintiff presented an Application for Temporary Injunction. It is ordered that the clerk of this court issue notice to Defendants to appear before this Court on the _____ day of _____, at _____ o'clock ____ M, to show cause, if any, why Plaintiff should not be granted a temporary injunction, as set out in the application, pending final determination of this cause on the merits.

SIGNED this _____ day of _____, 2025.


_____
JUDGE PRESIDING

Unofficial Copy Office of Marilyn Burgess District Clerk

3/3/2025 10:03:58 AM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 97972118
By: CHAMBERS, WANDA R
Filed: 3/3/2025 9:29:19 AM

## 2025-14219 / Court: 189

CAUSE NO. _____

| | | |
|---|---|---|
| **PORCHA CLARK TANYINGU** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **OF HARRIS COUNTY,** |
| | § | **TEXAS** |
| **LAKEVIEW LOAN SERVICING, LLC** | § | |
| **and LOANCARE, LLC** | § | |
| | § | |
| | § | |
| **Defendants.** | § | **_____ JUDICIAL DISTRICT** |

## TEMPORARY RESTRAINING ORDER

On this day, Plaintiff, PORCHA CLARK TANYINGU's Application for a Temporary Restraining Order was presented to this Court. Defendants are LAKEVIEW LOAN SERVICING, LLC and LOANCARE. After examining the pleadings and testimony present before this court, the court determines that Plaintiff has no adequate remedy at law and will suffer immediate irreparable harm if the Temporary Restraining Order is not granted.

IT IS THEREFORE ORDERED that the Clerk of this Court issue a Temporary Restraining Order restraining Defendants from:

1.     Foreclosing on real property located at 17202 Williams Bend Circle, Cypress, Texas 77433.

The restraining order is effective immediately and shall continue in full force and effect until further order of this Court or until it expires by operation of law. This order shall be binding on Defendants and their agents, servicers, attorneys, and employees; and on those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise.

The bond is set at $ __750.00__ .

Plaintiff presented an Application for Temporary Injunction. It is ordered that the clerk of this court issue notice to Defendants to appear before this Court on the __18TH__ day of __MARCH__ , at __3PM__ o'clock _____ M, to show cause, if any, why Plaintiff should not be granted a temporary injunction, as set out in the application, pending final determination of this cause on the merits.

MEDIATION ORDERED TO OCCUR Medation is required before Temporay
WITH EITHER                      Injuction
JUDGES SANDILL
PHILLIPS
MANOR

SIGNED this _____ day of _____, 2025.

Signed:
3/3/2025

_____
JUDGE PRESIDING

Unofficial Copy Office of Marilyn Burgess District Clerk

CAUSE NUMBER 202514219

Porcha Clark Tanyingu                                    §        IN THE DISTRICT COURT OF
_____
PETITIONER                                                  §        HARRIS COUNTY, TEXAS

VS.                                                              §
Lakeview Loan Sriving, LLC & Loancare, LLC  §        159  JUDICIAL DISTRICT
_____
RESPONDENT

## CLERK'S CERTIFICATE OF CASH DEPOSIT IN LIEU
## OF INJUNCTION BOND PER ORDER OF THE COURT

**THE STATE OF TEXAS §**
**COUNTY OF HARRIS  §**

    **THIS DOCUMENT IS TO CERTIFY** that I, the undersigned Clerk of the District Courts of Harris County, Texas have received a cash deposit, as ordered by the Court, in the amount of Seven hundred fifty dollars Dollars ($ 750.⁰⁰ ), to be deposited with the Registry of the Court in lieu of a Temporary Restraining Order Bond or a Temporary Injunction Bond, as required by Rule 684, T.R.C.P, in the above styled and numbered cause as provided by the order entered on the 4ᵗʰ day of March , 2025.

    This cash deposit is made and received in lieu of **TEMPORARY RESTRAINING ORDER** or a **TEMPORARY INJUCTION**, conditioned that the applicant will abide the decision which may be made in the cause, and that he will pay all sums of money and costs that may be adjudged against him if the restraining order or temporary injunction shall be dissolved in whole or in part, and this certificate is issued to have the force and effect of a **TEMPORARY RESTRAINING ORDER BOND** or a **TEMPORARY INJUCTION BOND** in accordance with the Order of the Court.

    **WITNESS** my hand and seal of office this 4 day of March A.D., 20 25.

**F I L E D**
Marilyn Burgess
District Clerk
MAR 04 2025        03-04-25
Time: 8:30 Am
Harris County, Texas
By I. Collins
Deputy

**Marilyn Burgess, District Clerk**
**Harris County, Texas**
**PO BOX 4651**
**Houston, Texas 77210-4651**

By: _____
**Deputy District Clerk**

Principal: Porcha Tanyingu
_____

Attorney: Derek Deyon
Bar Number: 24075862

RECORDER'S MEMORANDUM
This Instrument is of poor quality
at the time of Imaging.

Page 1 of 1

S:\FormsLib\Civil Bureau\Civ Fam Intake & Customer Svc\Famintake\Post Bond        Created 3/2/04

Filed 25 March 10 A10:18
Marilyn Burgess - District Clerk
Harris County

CAUSE NO. 2025-14219

| | | |
|---|---|---|
| TANYINGU, PORCHA CLARK, | § | IN THE DISTRICT COURT OF |
| *Plaintiff(s)* | § | |
| | § | |
| vs. | § | HARRIS COUNTY, TEXAS |
| | § | |
| LAKEVIEW LOAN SERVICING LLC, | § | 189th JUDICIAL DISTRICT |
| *Defendant(s)* | § | |

### ORDER OF REFERRAL FOR MEDIATION

The Court ORDERS this case to mediation pursuant to Tex. Civ. Prac. & Rem. Code §§ 154.001 et seq.

The Court ORDERS that Judge Fredericka Phillips (SBN:24027740) is APPOINTED as the Mediator in this case. All Counsel and unrepresented Parties are directed to contact the Mediator to arrange the logistics of mediation. The Court ORDERS that all Parties who have not been dismissed or nonsuited must attend the mediation.

Mediation is a mandatory, nonbinding settlement conference conducted with the assistance of the Mediator. Mediation is private, confidential, and is privileged from process and discovery. After mediation, the Court will be advised only that the case did or did not settle. The Mediator shall not be a witness, and the Mediator's records may not be subpoenaed or used as evidence.

The Parties and the Mediator must agree upon the Mediator, and the mediation fees will be divided and borne equally by the Parties unless agreed otherwise. The mediation fees are taxed as Costs of Court. The Parties must pay the Mediator's fees directly to the Mediator. Each Party and Counsel must comply with the Rules for Mediation printed at the end of this Order.

Named Parties must be present during the entire mediation process, and each corporate party must be represented by a person with authority to negotiate a settlement. The mediation must occur before the Temporary Injunction date. If the Parties cannot agree on a date for mediation,

then the Mediator is authorized to select the date, and the Court ORDERS all Parties, Counsel, and representatives required to attend mediation by this Order to appear at the date, time, and location set by the Mediator.

Referral to mediation is not a substitute for trial, and the case will be tried if not settled. Disputes as to fees may be submitted to the Court.

Signed March 5, 2025

Hon. TAMIKA CRAFT-DEMMING
Judge, 189th District Court

Unofficial Copy Office of Marilyn Burgess District Clerk